### ZEREB CORPORATION, Inc. v. LEVINE.
No. 125315.

Small Claims Court, Dade County.
July 31, 1964.

SIDNEY L. SEGALL, Judge.

Plaintiff's action is dismissed without prejudice. The evidence discloses the following material facts —

Plaintiff executed an "apartment lease" as lessor, dated January 22, 1964, leasing the premises to H. R. McLeod, who executed the lease as lessee, for a term of one year commencing on January 22, 1964 and ending on January 22, 1965, for a total rental of $660. The lessee agreed "to pay said rent in advance in twelve payments, the first payment of $55 on January 22, 1964, which said sum has been paid and acknowledged . . . "

McLeod vacated the premises leaving certain furniture in a damaged condition before the second monthly payment of $55 became due (on February 22, 1964.) The premises remained vacant until May 22, 1964 when the plaintiff rerented the apartment to a new tenant.

The lease further provided — "In consideration of the lessor waiving requirement for payment of rent for last two months at my request, *I hereby guarantee payment of two months security* ($110.00) under the foregoing lease, designating H. R. McLeod as lessee" (Italics added.) This provision of the lease is set forth in the body of the instrument and is signed by Ben Levine, the defendant herein, separate and apart from the signatory parties to the lease.

Plaintiff lessor's action was instituted against the defendant only, for the lessee's default in payment of two months accrued rent — March and April, 1964.

The primary question must be resolved on the basis of a legally proper interpretation of the above quoted provision in the lease.

The defendant is obligated to pay "two months security under the foregoing lease." This last quoted phrase must be read in context with the first part of the same sentence, which reads — "payment of rent *for the last two months.*" (Italics added.)

It is therefore apparent that the defendant's obligation arises only upon the lessee's default in the payment of rent for the last two months which will become due on November 22 and December 22, 1964.

It is to be noted that the word "security" is employed in the quoted part of the contract (lease). The word "security" has a defined connotation as one who becomes the surety for another, or engages himself in the performance of another's contract; one who becomes responsible for the obligation of another; a surety; and may be employed in the sense of surety, that is, a bond with surety or sureties. 79 C.J.S., pp. 941, 942. See also Collins v. National Fire Insurance Co. of Hartford, 105 So.2d 190, 197.

On the basis of the foregoing, and for the reasons stated, the court is of the opinion that plaintiff's action was prematurely brought, and the same is hereby dismissed without prejudice.